<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>VINCENT HSIA,<br><br>        Defendant. | Criminal Action No. 11-80 (SDW)<br><br><br>**WHEREAS OPINION**[1]<br><br><br>February 3, 2023 |

    **THIS MATTER** having come before this Court upon Defendant Vincent Hsia's ("Defendant") motion for early termination of his term of supervised release pursuant to 18 U.S.C. § 3583(e) (D.E. 241); and

    **WHEREAS**, in 2011, Defendant pleaded guilty to one count of conspiracy to distribute oxycodone, and four counts of subscribing false tax returns. (D.E. 119.) The Court initially sentenced him in 2012 and, in 2017, he was resentenced to a term of 135 months' imprisonment and three years' supervised release. (D.E. 172, 221.) His term of supervised release began on September 10, 2021, and is set to expire on September 9, 2024. (*See* D.E. 244.) He filed the instant motion pro se on September 30, 2022, shortly after completing one year of supervision. (D.E. 241.) The Government opposes the motion and Defendant, now proceeding through appointed counsel, has replied. (D.E. 244, 245.); and

---

[1] This opinion is intended to supplement this Court's previously issued order granting Defendant's request for early termination of supervised release. (D.E. 246.)

**WHEREAS** the Court may terminate a term of supervised release at any time after the defendant has served at least one year of that term, if, "after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B)–(D), (a)(4), (a)(5), (a)(6), and (a)(7), . . . it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §3583(e); *see* Fed. R. Crim. P. 32.1(c)–(d);[2] *United States v. Melvin*, 978 F.3d 49, 52–53 (3d Cir. 2020). The burden is on the defendant to show that early termination is warranted. *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989). In deciding whether to modify a sentence in this manner, the Court has "broad discretion to consider all relevant information," as it does at an initial sentencing. *Concepcion v. United States*, 142 S. Ct. 2389, 2398 (2022); *see Melvin*, 978 F.3d at 52; and

**WHEREAS** the Court has reviewed the record in this matter, the submissions of both parties, and the response of the Probation Office stating that Defendant has complied with all conditions of supervision and meets the minimum criteria for early termination. The Court has considered the applicable 18 U.S.C. § 3553(a) factors as required. The Court notes that there was no restitution ordered in this case but a $250,000 fine was imposed and, in 2020, Defendant paid the judgment in full. (D.E. 221, 239.); and

**WHEREAS** the Court agrees with the Government that Defendant's offense was serious and that his compliance with supervision is not extraordinary but expected. (D.E. 224 at 4.) However, the Court "need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination." *Melvin*, 978 F.3d at 53. Here, the Court finds that

---

[2] While a hearing is sometimes required under Federal Rule of Criminal Procedure 32.1(c) before the Court may modify a term of supervised release, a "hearing is not required if . . . the relief sought is favorable to [Defendant] and does not extend the term" of his supervised release. Fed. R. Civ. P. 32.1(c)(2)(B). Accordingly, this Opinion is issued without oral argument.

Defendant has met his burden to show, based on his conduct, that early termination of his term of supervised release is in the interest of justice. "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000) (citing S.Rep. No. 98–225, p. 124 (1983)). Defendant's submissions, corroborated by information provided by the Probation Office, demonstrate that he has already transitioned well to community life after serving his term of imprisonment. He has maintained a stable residence and is employed full time in work that is unrelated to the drug industry in which he committed his crimes. (D.E. 241, 245.) He has also been actively engaged in two church communities, where he volunteers and teaches Sunday School. (D.E. 241, 241-1, 245 at 5–6.) For all of these reasons, the Court finds that the rehabilitative purposes of supervised release will have been duly served after Defendant serves two years of supervised release, and that termination one year early is "in the interest of justice." 18 U.S.C. §3583(e); therefore

    Defendant's motion for early termination of his term of supervised release is **GRANTED**, effective September 9, 2023, as stated in the Court's order dated January 9, 2023 (D.E. 246.).

                                                                     /s/ Susan D. Wigenton
                                                      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties

3